IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**SAUNDRA K. LOCKWOOD,**

       **Plaintiff**

vs.                                                                   Case No. 5:07-CV-26-RS/MD

**MICHAEL W. WYNNE,**
**Secretary of the Air Force,**

       **Defendant**
_____

## CONSENT PRIVACY ACT PROTECTIVE ORDER

       This is a civil action in which the Plaintiff, SAUNDRA K. LOCKWOOD, seeks redress for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(16), et seq., the Rehabilitation Act, 29 U.S.C. § 794, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., against MICHAEL W. WYNNE, SECRETARY OF THE AIR FORCE, in his official capacity. In connection with this case the Plaintiff seeks to discover information, materials, and documents from the Defendant and the Defendant from Plaintiff which are or may be encompassed by the provisions of the federal Privacy Act of 1974, 5 U.S.C. § 552a, which may restrict their discovery and use. Additionally, the parties may find it necessary in the course of this case to use such information, materials and documents and others as may become necessary.

       In order to permit the Plaintiff to discover all information relevant to the subject matter of

this case and to use such information without making this information public and thus undermining the purpose of the Privacy Act, and to allow the Defendant the same rights, to the extent necessary, the Court hereby enters this Consent Privacy Act Protective Order, pursuant to 5 U.S.C. § 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure, for the purpose of assuring the confidentiality of such information.

1.  As used in this Consent Protective Order, the term "confidential information" includes any and all documents and records in possession of the United States Air Force, the Equal Employment Opportunity Commission, the Office of Personnel Management, the Merit Systems Protection Board and the United States Department of Labor, pertaining to any individual United States Air Force employee or former employee not a party to this action, including documents contained in disciplinary files, official personnel folders, evaluation files, grievance files, training files, workers compensation files, medical files, promotion files and formal EEO complaint files.

2.  Counsel for the Secretary of the Air Force may designate additional information or documents as subject to this Order by letter to counsel for the Plaintiff. Similarly, Counsel for the Secretary may restrict information or documents as subject to this Order by letter to counsel for the Plaintiff.

3.  The aforesaid confidential information shall be used by the Plaintiff and Defendant and their counsel only for the purposes of this action and shall not be published to the general public in any form, except such material may be introduced into evidence or used in discovery by the parties in this case. Such information or material shall not be used for any business or commercial purpose.

4. The right of access to all materials designated as subject to this Order shall be limited to Plaintiff and counsel for the parties and paralegal, secretarial and clerical personnel in their employ, expert witnesses, court reporters or stenographers engaged to record deposition testimony and their employees, and other persons mutually agreed upon in writing by counsel for both parties. This Order shall not prevent employees of the aforesaid federal agencies or the United States Department of Justice who have a right to see or use these materials from doing so.

5. Counsel for the Plaintiff and anyone listed in paragraph 4 herein shall not disclose materials subject to this Order to any unauthorized person without further order of the Court or written stipulation by the parties.

6. Any specific part or parts of the provisions of paragraphs one through four may be terminated at any time by a letter from counsel for the Secretary of the Air Force to counsel for the Plaintiff or by order of this Court.

7. All documents designated as subject to this Order shall be returned to the producing party within 60 days of a final judgment or dismissal of this action or shall be certified in writing to have been destroyed by Plaintiff's counsel.

8. Nothing in this Order shall preclude any disclosure of documents subject to this Order to any Judge, Magistrate, or employee of the Court for purposes of this action, or preclude a party from offering such documents into evidence at the trial of this action.

9. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or any statute or other authority. Objections under the federal Privacy Act and the right to contest those objections is preserved for the production or release of documents which the Defendant contends would be an unwarranted

invasion of privacy, as is the Plaintiff's right to seek compelled disclosure of such documents. If necessary, the Court will review documents which have been filed *in camera*, and make a determination by separate order after briefing by the parties regarding the disputed documents.

DATED: This 4th day of October, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE